Opinion and Order
PER CURIAM.
This matter comes before the Court on the appeal from the trial court’s Findings of Fact and Conclusions of Law and the Judgment and Decree of Divorce in this matter. The Appellant is represented by Eric Monson, an attorney with Dakota Plains Legal Services, and the Respondent is represented by Déla Kohlus, a lay advocate admitted to practice in the courts of the Cheyenne River Sioux Tribe. The Appellant filed a brief in the above entitled matter and no filings have been received for over a year from the Respondent. Since neither side requested oral argument in the matter, the Court deems the matter fully submitted, notwithstanding the lack of any receipt of a brief from the Respondent.
Facts
The Appellant filed a divorce complaint on May 21, 1997. The parties have two minor children, who at the time of the divorce hearing were aged three and five. Initially the parties arrived at an agreement for joint legal and physical custody of the minor children and Judge Curtis Carroll entered an order approving that arrangement on June 6, 1997. Thereafter the Respondent by affidavit sought to disqualify Judge Carroll who consequently removed himself from the case by Order dated June 2, 1997. The case thereafter was assigned to Judge James Chasing Hawk.
Unfortunately, the parties’ agreement to joint legal and physical custody quickly came unraveled. On June 30, 1997, a mere three weeks after entry of the original Order, a hearing was conducted on violations of the initial joint custody order. As a result of that hearing on July 7, 1997, Judge Chasing Hawk issued an Interim Order of Disposition that continued the joint legal custody, but which ordered physical custody in the home of the Respondent, with liberal visitation for the mother. After the Respondent petitioned for temporary custody of the children on July 21, 1997, Judge Chasing Hawk reviewed the motion without further hearing and entered an Order dated July 24, 1997 that awarded temporary custody of the children to the Respondent and awarded visitation to the Appellant. That order was further clarified by an Order of July *59 25, 1997 that granted the Appellant specific interim visitation rights.
On July 30, 1997, Appellant filed a Motion to Disqualify Judge. Judge Chasing Hawk denied that motion from the bench on August 4, 1997 at which time a full hearing was held on the divorce. On August 6, 1997, Judge Chasing Hawk formally denied the Motion to Disqualify Judge by a written Order. On the same date he issued a Temporary Order Pending Final Judgement awarding temporary custody of the children to the Respondent with visitation to the Appellant.
On September 8, 1997, the court signed its Findings of Fact and Conclusions of Law and Judgement and Decree of Divorce in this matter. That order awarded permanent custody of the minor children to the father, the Respondent in this matter, with provisions for specific visitation rights of the mother the Appellant here. The Appellant appeals to this Court from Judge Chasing Hawk’s failure to disqualify himself and from that portion of the September 8, 1997 awarding custody of the minor children to the father.
Discussion
In her appeal, the Appellant raises two basic issues: (1) whether the trial court erred in denying Appellant’s Motion to Disqualify Judge and (2) whether the trial court erred when it awarded custody of the parties’ children to the Respondent father. Since this Court finds that the/trial court erred in denying the Appellant’s Motion to Disqualify Judge, thereby possibly necessitating a new hearing on the custody issue, it will address only the first question presented.
The first issue raised in this appeal is governed by Rule 63 of the Cheyenne River Sioux Rules of Civil Procedure. It provides in relevant part:
(b) Disqualification. Whenever a party to any action or proceeding, civil or criminal, or his attorney shall make and file an affidavit that the judge before whom such action or proceedings is to be tried or heard has a bias or prejudice, either against such party or his attorney or in favor of any opposing party to the suit, such judge shall proceed no further therein, except to call in another judge to hear and determine the matter.
Every such affidavit shall state the facts and the reasons for the belief that such bias or prejudice exists, and shall be filed as soon as practicable after the case has been assigned or such bias or prejudice is known. If the judge against whom the affidavit is directed questions the sufficiency of the affidavit, he shall enter an order directing that a copy thereof be forthwith certified to another judge (naming him), which judge shall then pass on the legal sufficiency of the affidavit. If the judge against whom the affidavit is directed does not question the legal sufficiency of the affidavit, or if the judge against whom the affidavit is certified finds that it is legally sufficient, another judge must be called in to try the case or determine the matter in question. No party shall be entitled in any case to file more than one affidavit; and no such affidavit shall be filed unless accompanied by a certificate of counsel of record that such affidavit and application are made in good faith.
(c) “Sufficiency” for the purpose of this rule means whether the affidavit sets forth facts, which, if true, would warrant disqualification of a judge. There shall be no hearing or other inquiry as to whether the facts as stated in the affidavit are indeed true, so as to preserve the dignity of the court and avoid the hint of impropriety.
*60 In this case, the Motion to Disqualify Judge filed by the Appellant contained the second affidavit filed in the case seeking disqualification of the presiding judge in the matter. The first, however, was filed by the Respondent. The Appellant’s Motion and Affidavit therefore were not prohibited by the last sentence of Rule 63 that prohibits any single party from seeking to disqualify the judge presiding in a case more than once while the case is pending.
Since Appellant’s Motion to Disqualify Judge and affidavit to that effect were properly filed, under Rule 63(b) & (c), the trial judge basically had only two lawful alternatives: (1) to disqualify himself and turn the matter over to another judge or (2) to question the legal sufficiency of the disqualification affidavit and turn the matter of the alleged insufficiency of the disqualification affidavit over to another judge.
Unfortunately, the trial judge chose neither alternative. In his Order Denying Motion to Disqualify Judge, the trial judge, noting the earlier disqualification of Judge Carroll, simply indicated that the parties should not be allowed to select their own judges and denied the motion. Perhaps the trial judge was confused as to who had first filed the disqualification affidavit resulting in the disqualification of Judge Carroll since his actions would have been proper had the Appellant been responsible for the prior disqualification.[1] In this case, however, it was the Respondent who filed the first affidavit. Consequently, the motion filed by the Appellant, the ruling on which is before this Court, was the Appellant’s first disqualification affidavit and was therefore not barred by the last sentence of Rule 63(b).
In this procedural posture, the trial judge had no choice under Rule 63(b) but to either grant the motion or to refer the matter to another judge for review of the legal sufficiency, as defined by Rule 63(c), of the disqualification affidavit. Since the trial judge followed neither alternative specified in Rule 63(b), his decision must be reversed and the case remanded with directions for the trial judge either (1) to disqualify himself and set the matter for a new hearing on custody of the minor children before a different judge or (2) to question the sufficiency of the disqualification affidavit and to refer that matter to another judge for resolution of the sufficiency of the disqualification affidavit. In the event that the trial court takes the second option, if the other judge sustains the sufficiency of the disqualification affidavit, the matter must be set for a new hearing on custody of the minor children. If, on the other hand, the other judge rejects the sufficiency of the disqualification affidavit, the earlier Findings of Fact and Conclusions of Law and Judgment and Decree of Divorce filed September 8, 1997 automatically would be reinstated and the Appellant, should she so desire, may take another appeal of the merits of the decision at that time by filing a new Notice of Appeal, treating the date of entry of an .order rejecting the legal sufficiency of the *61 disqualification affidavit as the date of entry of final judgment.
REVERSED AND REMANDED WITH DIRECTIONS.
Ho heeetu yelo.
IT IS SO ORDERED.

. . While Rule 63 of the Cheyenne River Sioux Rules of Civil Procedure generally requires the “sufficiency” of a disqualification affidavit to be decided by a judge other than the one against whom it is directed, it is clear that the filing a second successive disqualification affidavit by the same party does not raise a question of “sufficiency” as defined in Rule 63(c). Since the last sentence of Rule 63(b) absolutely bars such an affidavit as a matter of law, such an improper second or successive disqualification affidavit does not raise questions of about the nature of the factual contents addressed in the definition of sufficiency found in Rule 63(c). Consequently, a presiding trial judge has the power to deny a second successive disqualification affidavit filed by the same party without referring the matter to another judge for a ruling on sufficiency of the affidavit.